In the matter of the probate of the paper purporting to be the last will and testament of ELISE LERCHE, deceased.

[Argued July 1st, 1913. Decided November 17th, 1913.]

On appeal from the decree of the prerogative court made by the ordinary affirming a decree of the Hudson county orphans court upon an opinion rendered therein by Judge Carey, the judge of that court, as follows:

In this matter the court has examined all the testimony and the briefs of counsel, the testimony consisting of some twelve hundred pages, and the briefs almost as voluminous. The court has given careful consideration to this case, running over a period of several months, and it has come to the following conclusions: First, that the will was executed in due form of law. The execution had incident to it all the requisites of our statute. In fact, I may say that there was no serious contention made in the course of the contest that this was not so. Secondly, I find that there is absolutely no evidence of undue influence of any sort, kind or character in the case. There is no testimony on the part of any of the witnesses in the case that would indicate that the parties who were responsible, either directly or indirectly, for the drawing of this will exercised any improper or undue influence upon the testatrix. The will was the product, undoubtedly, under the evidence, of her own mind. The only question that required any serious consideration by the court was the proposition that the testatrix was not of such mentality as the law requires in the making of a will. The court will find, as a matter of fact, that at the time of the making of this will, the testatrix, Elise Lerche, was of sound and disposing mind and memory, and was in such mental condition that she was thoroughly and completely competent to make a will, applying the legal principles recognized in this state to such a situation. The court, therefore, has determined that the will was the valid will of Elise Lerche and is entitled to probate as such. The court

briefly states its findings in the matter as the result of an analysis of all the testimony and a consideration of all the arguments advanced. If counsel desire, the court will express its opinion more at length. The necessity of this, however, does not seem at present apparent, as the issues involved are really issues of fact.

A copy of this memorandum may be forwarded to all counsel who appeared in the case. The court will hear counsel on Wednesday morning of next week in the matter of counsel fees and allowances.

*Mr. John J. Fallon, Messrs. Lindabury, Depue & Faulks, Messrs. Condict, Condict & Boardman, Mr. Robert S. Hudspeth, Mr. Daniel H. Applegate* and *Mr. Charles D. Thompson,* for the proponents-appellees.

*Messrs. Weller & Lichtenstein, Mr. Frederick K. Hopkins* and *Messrs. Sommer, Colby & Whiting,* for the caveators-appellants.

PER CURIAM.

The decree of the prerogative court appealed from will be affirmed, for the reason stated in the opinion filed in the Hudson county orphans court by Judge Carey.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, CONGDON, WHITE, HEPPENHEIMER—11.

*For reversal*—VREDENBURGH—1.